# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALISHA KOWALSKI, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| COMENITY, LLC D/B/A COMENITY, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff ALISHA KOWALSKI, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action is also brought under Wisconsin Statutes Chapter 427 *et seq.* ("427") for Defendant's deceptive trade practices as further described herein.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides within the Western District of Wisconsin, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6. Plaintiff ALISHA KOWALSKI ("Plaintiff") is a natural person who resides in the City of Hayward, County of Sawyer, State of Wisconsin, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant COMENITY, LLC D/B/A COMENITY ("Comenity"), is doing business in the State of Wisconsin.

8. Comenity is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone dialing systems.

11. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

12. In *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS includes: "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)[.]"[1] The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

13. Consumers have a right to revoke consent from receiving autodialed calls or prerecorded messages by using any reasonable method including orally or in writing. *Gager v. Dell Fin. Servs., LLC*, 12-2823, 727 F.3d 265, 2013 U.S. App. LEXIS 17579, 2013 WL 4463305 (3d Cir. Aug. 22, 2013).

---

[1] --- F.3d ----, 2018 WL 4495553, at *9 (9th Cir. Sept. 20, 2018). Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.* at *9; Maes v. Charter Communication, ___ F. Supp. 3d ___, 2018 WL 5619199 (W.D. Wis. Oct. 30, 2018) (2003 order is still valid, and predictive dialer is an ATDS).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Within the four years prior to filing the instant complaint, Plaintiff received numerous calls from Defendant from the following phone numbers: 720-456-3712.

15. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

16. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff.

18. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); see also, *Maes*.

19. Furthermore, a system does not need to actually store, produce, or call randomly or sequentially generated telephone numbers to be considered an Automatic Telephone Dialing System, it only needed to have the capacity to do so. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 948 (9th Cir. 2009).

20. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

21. On or about November 29, 2018, Plaintiff (through counsel) mailed a letter to Defendant's mailing address for receiving such correspondence instructing Defendant to cease all calls and communication with Plaintiff's cell phone, thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

22. Moreover, upon information and belief, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

23. However, Defendant placed countless calls to Plaintiff's cellular telephone, without consent, using an ATDS, in violation of the TCPA.

24. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. The telephone number Defendant used to contact Plaintiff was, and is, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

26. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

27. Pursuant to the TCPA, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

28. While very minor, Plaintiff suffered actual harm and loss, since each of the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

29. However, Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal cellular phone when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

30. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

31. "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev.

Feb. 23, 2017).

32. Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

33. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

34. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

35. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

36. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

37. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

39. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

40. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

41. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

42. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

**Defendant's Violations of the Wisconsin Consumer Act – Debt Collection**

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant attempted to collect a "claim "as that term is defined by

Wis. Stat. § 427.103(1).

46. Defendant attempted to collect the claim in a manner consistent with the term "debt collection" as it is defined in §427.103(2).

47. Defendant was and is a "Debt Collector" as that term is defined by Wis. Stat. § 427.103(3).

48. Contrary to Wis. Stat. §427.104(1)(g), Defendant has attempted to collect a claim or debt arising from a consumer credit transaction or other consumer transaction with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer. To this end, as discussed *supra*, the Defendant engaged in a relentless call campaign to collect a debt even when directly instructed to cease the harassing communications.

49. As a result and contrary to Wis. Stat. §427.104(1)(h), Defendant has attempted to collect a claim or debt arising from a consumer credit transaction or other consumer transaction in such a manner as can reasonably be expected to threaten or harass the customer.

50. As a result and contrary to Wis. Stat. §427.104(1)(j), Defendant has attempted to claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

51. Defendant repeatedly and continuously placed telephone calls to

Plaintiff's residential phone (which is also Plaintiff's cellular phone) to solicit money from Plaintiff in a manner that would be considered annoying, abusive or harassing by a reasonable person.

52. Specifically, Defendant placed calls to Plaintiff's cell phone even after Plaintiff demanded – in no uncertain terms – Defendant cease calls to Plaintiff. Such conduct is unquestionably harassing and annoying.

53. As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal phone calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and minutes from cell phone use, for which Plaintiff is charged a fee.

54. As a result, Plaintiff is entitled to an award of actual damages and the penalty provided in Wis. Stat. § 425.304; but notwithstanding any other law, actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of Defendant's intentional, reckless, and/or negligent violations of Wis. Stat. § 427.105(1) and Wis. Stat. § 425.304;

5. An award of attorney's fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

/s/ Matthew C. Lein
Matthew C. Lein
State Bar No. 1084028
Attorneys for Plaintiff
**LEIN LAW OFFICES, LLP**
15692 Hwy 63 North
PO Box 761
Hayward, Wisconsin 54843
Telephone: (715) 634-4273
Facsimile: (715) 634-5051
mlein@leinlawoffices.com

David H. Krieger, Esq.  
Attorney ID #9086  
Attorneys for Plaintiff  
**HAINES & KRIEGER, LLC**  
8985 S. Eastern Ave., Suite 350  
Henderson, NV 89123  
Phone: (702) 880-5554  
FAX: (702) 385-5518  
Email: dkrieger@hainesandkrieger.com  
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN )
) ss
COUNTY OF SAWYER )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Alisha Kowalski, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney, which have been attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/14/19

_____
Client